COPY

1  BRIAN VOGEL, SBN 167493
2  brian@bvogel.com
   THE LAW OFFICES OF BRIAN A. VOGEL, PC
3  770 County Square Drive, Suite 104
4  Ventura, CA 93003
   Telephone: (805) 654-0400
5  Facsimile: (805) 654-3026

6
   Attorney for Plaintiff
7  CHARLES VELASQUEZ

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 CHARLES VELASQUEZ, an            )  Case No.    CV10  10080 CBM  PJWx
   individual, on behalf of himself and all )
13                                 )
   others similarly situated,       )  CLASS ACTION COMPLAINT FOR
14                                 )  INJUNCTIVE RELIEF AND
15         Plaintiff,               )  DAMAGES
                                    )
16         vs.                      )  1.   42 U.S.C. § 1983
                                    )       (4th and 14th Amendments)
17 THE COUNTY OF VENTURA, THE       )  2.   42 U.S.C. § 1983
   VENTURA COUNTY SHERIFF'S         )       (14th Amendment)
18 DEPARTMENT, VENTURA COUNTY       )  3.   Monell Claims on the 42 U.S.C.
19 SHERIFF BOB BROOKS, AN           )       § 1983 Claims
   INDIVIDUAL, AND DOES 1-10        )  4.   False Imprisonment
20                                 )  5.   Cal. Civil Code § 52.1
21         Defendants.              )
                                    )
22 ─────────────────────────────────

23              DEMAND FOR JURY TRIAL

24              **INTRODUCTION**

25 1.    This is a class action complaint for injunctive relief and money damages by

26 Plaintiff, individually and as class representative, arising under 42 U.S.C. §§ 1983 and

27 1988, and supplemental state law claims actionable under California Civil Code § 52.1

28

                                    1

and California Code of Civil Procedure, § 526a.  Plaintiff seeks redress for deprivation of his rights, privileges and immunities, and the rights, privileges and immunities of those similarly situated, secured by the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff, Charles Robert Velasquez, was arrested in Ventura County for two warrants from Santa Barbara and Los Angeles Counties which were associated with his name as a result of the theft of his identity by his ex-wife's boyfriend.  He was held in custody for nine days including Easter weekend despite repeated protestations of his innocence and despite the fact that the person who stole his identity had been previously booked and held in the Ventura County Jail on a felony charge of falsely personation of Plaintiff.  The identity thief had been convicted and sentenced to state prison for that crime out of Ventura County and was in the custody of the California Department of Corrections for that crime at the time of Plaintiff's arrest and incarceration.  Plaintiff has been found factually innocent in both cases in which the warrants were issued.  Plaintiff is aware of numerous other recent cases in which people with common names or victims of identity theft have been held for prolonged periods of time by the Ventura County Jail on warrants which did not belong to them.  Modern law enforcement technology provides jailers with the tools to quickly confirm whether an arrestee who claims innocence is or is not the proper subject of a warrant.  Plaintiff has therefore filed this action to deter Defendants' deliberate indifference to the constitutional rights of innocent victims of identity theft and folks with common first and last names.

## JURISDICTION AND VENUE

2.     Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1343 as it arises under 42 U.S.C. §1983.

3.     The acts complained of arose in the Central District of California.  Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants reside in or has its principal place of business in the Central District of California.

## PARTIES

4.     Plaintiff, Charles Velasquez ("VELASQUEZ"), at all times material herein, was an adult citizen residing in Port Hueneme, Ventura County, California within the jurisdiction of the United States District Court, Central District of California.

5.     At all times material herein, Defendant County of Ventura, ("COUNTY") was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens and public employees of Ventura County.  At all times mentioned herein, Defendant COUNTY was ultimately responsible for overseeing the operation, management, and supervision of the Ventura County Jail, which is operated by Defendant Ventura County Sheriff's Department.  Defendant COUNTY is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

6.     At all times material herein, Ventura County Sheriff's Department ("VCSD"), was a public entity responsible for providing law enforcement and detention services for

Defendant COUNTY, including supervising, operating, and managing the Ventura

County Jail System ("VCJS") which includes two main facilities, the Ventura County

Sheriff's Department Pre-Trial Detention Facility, commonly referred to as the Ventura

County Jail, located at 800 S. Victoria Ave., Ventura, CA 93003, and the Ventura County

Sheriff's Department Todd Road Facility, located at 600 South Todd Rd., Santa Paula,

CA 93009, and which includes any and all other Ventura County jails or detention centers

where putative class members have been wrongfully detained and incarcerated during the

applicable statutes of limitations periods.

7.     At all times mentioned herein, Defendant VCSD was responsible for overseeing

the operation, management, and supervision of VCJS, and is liable for the negligent and

reckless acts of all employees, personnel, and entities, including, but not limited to,

booking officers, their supervisors, and DOES 1 through 10, inclusive.

8.     At all times material herein, Defendant SHERIFF BROOKS was Sheriff of

Defendant COUNTY, and was responsible for supervising, operating, and managing

VCJS and was further responsible for the policies, customs, and procedures used at

VCJS.

9.     In committing the acts and/or omissions alleged herein, all Defendants acted under

color of authority and/or color of law.

10.     Upon information and belief, Defendants DOES 1-10 were each responsible in

some manner for the injuries and damages alleged herein. The true names and identities

of Defendants DOES 1-10 are presently unknown to Plaintiff.  Upon information and

1  belief, at all relevant times herein Defendants DOES 1-10 were employees and/or agents

2  of COUNTY and/or VCSD, acting at all relevant times within the scope of their

3  employment with COUNTY and/or VCSD. Upon information and belief, such employees

4  include, *inter alia*, booking officers, supervisors, managers, and jail commanders.

5  Plaintiff will amend this Complaint to allege their true names and capacities when they

6  are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each

7  defendant DOE herein is in some manner responsible for the injuries and damages

8  suffered by Plaintiff.

9

10

11

12                          STATEMENT OF FACTS

13  11.    Beginning in 2007, an individual by the name of Arturo Perez Gonzalez,

14  ("GONZALEZ"), Plaintiff VELASQUEZ's ex-wife's boyfriend, obtained

15  VELASQUEZ's identifying information and falsely impersonated Plaintiff when being

16  arrested several times in Los Angeles, Ventura and Santa Barbara Counties.

17

18  12.    As a result of this nefarious activity, on August 21, 2008, GONZALEZ was

19  charged by the Ventura County District Attorney in Ventura County Superior Court Case

20  No. 2007047847 in Count 1 of a felony criminal complaint charging a violation of PC

21  529(3), false personation of Plaintiff Charles Robert Velasquez with a violation date of

22  November 17, 2007.

23

24  13.    GONZALEZ used Plaintiff's identity again on June 2, 2009 in Santa Barbara

25  where he was charged with a violation of Vehicle Code § 20002 (hit and run).  This

26  resulted in a warrant for VELASQUEZ's arrest in Santa Barbara Superior Court Case No.

27

28

1297597.

14.     Defendants VCSD and DOES 1-5 had actual notice of GONZALEZ's theft of VELASQUEZ's identity because less than a month later, on June 23, 2009, GONZALEZ appeared in Ventura County Superior Court and was arraigned on the false personation case. GONZALEZ entered a plea of "not guilty" and was remanded to the custody of Defendant VCSD.

15.     Plaintiff is informed and believes that also on or about June 23, 2009, GONZALEZ was booked on the false personation charge in Ventura, and that a booking photo, fingerprints, and physical description including scars, marks, and tattoos were taken of GONZALEZ.

16.     Plaintiff is informed and believes that GONZALEZ was assigned a unique booking number after he was booked, and that his identity was confirmed through the use of one or more databases readily available to Defendants which are listed and described in detail in paragraph 35 *infra.,* and include, but are not limited to, booking records, fingerprint records, DMV records, Livescan reports, and other law enforcement databases.

17.     Plaintiff is further informed and believes that Defendants were in actual possession of GONZALEZ's CII and FBI numbers, which are unique to him, based on his fingerprints, and distinguish him from all other individuals.

18.     Exactly one month after his false personation of VELASQUEZ in Santa Barbara, on July 2, 2009, GONZALEZ pled guilty in Ventura County Superior Court Case No.

2007047847 to Count 1 of the felony complaint alleging false personation of VELASQUEZ in violation of Penal Code section 529.

19.    On August 17, 2009, GONZALEZ was sentenced to 16 months in the California Department of Corrections.  GONZALEZ also received an additional 8 months consecutive to the 16 months in Ventura County Superior Case No. 2005041933 (on a charge unrelated to the false personation), for a total fixed term of 24 months.

20.    Plaintiff is informed and believes that GONZALEZ recently finished serving that sentence in the California Department of Corrections and was released on parole.

21.    On or about March 28, 2010, VELASQUEZ was cited and released by Port Hueneme Police Department officers for a violation of Penal Code § 273.6(a).  However, the computer listed VELASQUEZ as the subject of two warrants. The first warrant was a no bail, felony violation of probation warrant arising from a drug possession charge out of Los Angeles County.  (Los Angeles Superior Court Case No. LACBA29732601).  The second warrant was a bailable misdemeanor arrest warrant for failing to appear on a complaint alleging a violation of Vehicle Code § 20002 (hit and run) out of Santa Barbara County. (Santa Barbara Superior Court Case No. 1297597).

22.    The warrants for which VELASQUEZ was taken into custody were in VELASQUEZ's name, but VELASQUEZ knew that the real culprit was GONZALEZ. VELASQUEZ explained the mistaken identity problem both to his arresting officers and to the booking officers.  Nonetheless, Defendants booked VELASQUEZ into the Ventura County Main Jail and held him in custody for nine days (including the day of his arrest).

23.    On or about, Tuesday, March 30, 2010, VELASQUEZ appeared in Ventura County Superior Court, where the court personnel called out GONZALEZ's name, rather than VELASQUEZ's. VELASQUEZ tried again to explain the mistaken identity problem, but no one listened. He was held in custody for an additional six days.

24.    On or about April 5, 2010, two detectives from Los Angeles came and questioned VELASQUEZ regarding the warrant in Los Angeles Superior Court Case No. LACBA29732601. VELASQUEZ told them that he was not the person named in the warrant. These detectives then transported VELASQUEZ to the jail in Van Nuys in Los Angeles County.

25.    Once there, the detectives immediately compared VELASQUEZ's likeness with booking photos of the perpetrator in Los Angeles Superior Court Case No. LACBA29732601. This simple, two minute process showed conclusively that VELASQUEZ was not the perpetrator and that GONZALEZ was the proper subject of the warrant.

26.    VELASQUEZ was driven back to his home by Detective Watson and released. Detective Watson gave VELASQUEZ a card with his CII number and the CII number of GONZALEZ in an effort to prevent other law enforcement agencies from arresting VELASQUEZ again on GONZALEZ' warrant.

27.    VELASQUEZ retained the Law Offices of Brian A. Vogel, PC and on May 24, 2010, a petition for a finding of factual innocence was filed in Santa Barbara Superior Court Case No. 1297597. On July 1, 2010, VELASQUEZ was found factually innocent

and on July 2, 2010, Santa Barbara Superior Court Judge Clifford Anderson signed an order declaring VELASQUEZ factually innocent.

28.     A petition for a finding of factual innocence was similarly filed in Los Angeles Superior Court Case No. LACBA29732601 on July 27, 2010.   On November 3, 2010, VELASQUEZ  Los Angeles Superior Court Judge C.H. Rehm signed an order declaring VELASQUEZ factually innocent.

29.     Plaintiff is further informed and believes that on October 1, 2010, GONZALEZ was charged with a new felony case relating to GONZALEZ' misuse of plaintiff's identity on June 2, 2009.  In Santa Barbara Superior Court Case no. 1334887, GONZALEZ was charged with felony false personation of VELASQUEZ in violation of Penal Code section 529(3) and a misdemeanor violation of Vehicle Code § (20002).  On December 2, 2010, GONZALEZ pled guilty to both charges in the Santa Barbara Superior Court.

30.     VELASQUEZ is informed and believes that Defendants could have quickly determined that he was not the person for whom the warrants were issued by using readily available official information in their possession which are listed and described in detail in paragraph 35 *infra.*, (e.g., booking information for GONZALEZ in Ventura County Superior Case Nos. 2007047847 and 2005041933, documentary evidence, fingerprints, computer databases such as Livescan and the WPS, and booking photos and information from Los Angeles Superior Court Case No. LACBA29732601.

31.     VELASQUEZ is informed and believes that Defendants failed and refused to use

readily available means at their disposal to determine whether he was the person wanted on the warrants, or failed and/or refused to release VELASQUEZ despite being in possession of, or having ready access to information confirming that he was not the person sought in the warrants.

32.     VELASQUEZ is informed and believes and thereon alleges that Defendants have maintained or permitted official policies, customs or practices, including, but not limited to, Defendants' warrant procedures, booking procedures, and the lack of implementation of any internal procedures to alleviate problems of arresting and detaining the wrong individuals on warrants, despite the occurrence of numerous mistaken identity arrests and subsequent detentions and despite Defendants' possession of technology that makes it possible to recognize identity mistakes within minutes.

33.     VELASQUEZ is informed and believes and thereon alleges that these official policies, customs or practices are the moving force behind the constitutional violations which VELASQUEZ suffered and also amount to a deliberate indifference to VELASQUEZ's constitutional rights.

<u>FACTS COMMON TO ALL CLAIMS</u>

34.     Plaintiff is informed and believes that during the relevant time period, Defendants COUNTY and VCSD had developed and had the means to reliably identify the proper subjects of arrest warrants.

35.     Plaintiff is informed, believes and based thereon alleges that the following means of identification have been available to Defendants during the relevant time period:

a.  Assignment of unique numerical identifiers to arrestees based on their fingerprints, including but not limited to, assignment of CII numbers, an unique identifying number, by the California Department of Justice, ("CDOJ"), to every person booked into a California jail, or to every person who must be fingerprinted for reasons of employment.  Use of CII numbers also allows law enforcement to generate its subject's criminal history, or "rap sheet," as maintained by the CDOJ which reflects the subject's known full name, aliases, birth date, residential addresses, the subject's unique identifiers, such as social security, driver's license and FBI number (a database similar to CII numbers, but on a national level), along with the subject's arrest, prosecution and conviction history, including time spent in state custody;

b.  Use of *Livescan* wherein the jailer takes an electronic image of the arrestee's fingerprints and places the fingerprints on an imaging machine's glass plate which is then transmitted electronically to the CDOJ. With *Livescan*, within a few minutes the CDOJ responds in one of two ways. If the arrestee's prints are already on file, the arrestee's CII number and associated identifiers, along with the arrestee's criminal history, are sent to the arresting agency.  If no match is made with existing fingerprints, the CDOJ assigns a newly created CII number and so informs the arresting agency;

11

c.    Use of warrant databases and "wanted person systems", including but not limited to, county warrant systems and the Wanted Persons System, ("WPS") maintained by the CDOJ which record and track outstanding warrants issued by any court in the State of California and include physical descriptions and other identifying information;

d.    Use of Superior Court records such as judicial clearance orders not to arrest or jail upon a warrant issued by the courts which direct every peace officer and jailer in the state of California not to arrest or jail Plaintiff or Class Members on erroneous warrants; and

e.    Use of other computer databases available to law enforcement officers such as Cal Photo, (which contains mugshot booking photos), the Department of Motor Vehicles ("DMV") database containing driver license and identification card photos, as well as other descriptive information.

36.    Plaintiff is informed, believes and based thereon alleges that Defendants knew or should have known, based on readily available sources of official information including, but not limited to, those described above in paragraph 34, that Plaintiff and Class Members were not the persons for whom the warrants were issued.

37.    Plaintiff is informed, believes and based thereon alleges that Defendants failed and/or refused to use means at their disposal to determine whether Plaintiff and Class Members were the persons wanted on the warrants, and/or failed and/or refused to act in accordance with the information readily available to Defendants.

12

38.    Plaintiff is informed, believes and based thereon alleges that Defendants' failure and/or refusal to use means at their disposal to determine whether Plaintiff and Class Members were the persons wanted on the warrants, caused the violations of Plaintiff's and Class Members' rights as alleged herein throughout, and resulted in damages to Plaintiff and Class Members.

<u>CLASS ALLEGATIONS</u>

39.    Plaintiff seeks class certification pursuant to Fed.R.Civ.P. 23(a) and (b)(2) to allege claims for damages, injunctive and declaratory relief on behalf of themselves and all persons similarly situated.  This case satisfies the prerequisites of a Fed.R.Civ.P. 23(b)(2) class action.

40.    The proposed class consists of all persons who have been arrested pursuant to a warrant for another person and then detained and incarcerated as a result of Defendants COUNTY and VCSD's failure to check the individuals' identities, from December 2008 through the present.

41.    The class is so numerous that joinder of all members is impracticable. Plaintiff does not know the identities or exact number of all class members.

42.    There are questions of law and fact common to all members of the class because all class members have been adversely affected by the challenged actions of the Defendants. Common questions of law and fact include, but are not limited to:

    a.    Whether Defendants engaged in a custom, policy, pattern and/or practice of failing to use and/or refusing to use readily available means of identification

13

to avoid falsely imprisoning innocent subjects who were misidentified as being subject to an arrest warrant;

b.  Whether Defendants maintained customs, policies, patterns and practices which caused and/or contributed to the violations of the Plaintiff's and Class Members' rights as alleged herein;

c.  Whether Defendants failed to properly train and supervise members of the VCSD which caused and/or contributed to the violation of Plaintiff's and Class Members rights;

d.  Whether Defendants must include on a warrant, when it is known, the warrant subject's unique fingerprint-based identifiers that describe him or her to the exclusion of all other persons;

e.  Whether the constitutional requirement that a warrant must "particularly describ[e] . . . the person[] . . . to be seized" applies to superior court warrants, issued and/or procured by Defendants (See U.S. Const., Amend. IV;  *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986));

f.  Whether Defendants are or should be charged with the knowledge of their own records which indicate that a warrant arrestee's unique, fingerprint-based identifiers do not match those of the subject described on the warrant;

g.  Whether probable cause exists to believe that an arrestee is the subject of a warrant when Defendants know or should know that the warrant arrestee's

14

unique fingerprint-based identifiers do not match those of the warrant's

subject;

h.    Whether the governing legal standard for the lawfulness of an arrest and

detention on a warrant is the Fourth Amendment;

I.    Whether, and to what extent, Defendants, in a state with a population of

over 36 million residents with many thousands sharing the same or similar

names, birth dates and physical descriptors, must train their personnel to use

means readily available to them to ensure that innocent persons are not

arrested and incarcerated due to misidentification; and

j.    Whether Defendants must take steps to prevent future misidentification

arrests on warrants once it has been determined that an arrestee is not the

warrant's subject, the arrestee is released and the warrant re-issued.

The claims of the named, representative Plaintiff are typical of the claims of the

class. The claims of the Class Members arise from the same type of conduct, customs,

policies or practices that have resulted in damages to the class representatives and are

based on the same legal theories.

43.    The named, representative Plaintiff will fairly and adequately protect the interests

of the class because he is, and was, subject to the policies, customs, patterns and practices

complained of herein, and has no interests antagonistic to other members of the class.

44.    Plaintiff's counsel is experienced in litigating federal civil rights cases, has

received extensive training in class action litigation, and will associate other experienced

counsel as necessary in order to advance the interests of the class.

45.     Defendants have acted and/or have failed to act on grounds generally applicable to the class, and an award of damages, injunctive and declaratory relief for the class as a whole is appropriate.

46.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or incompatible standards of conduct for Defendants, thereby making a class action the superior method of adjudicating the controversy.

### NOTICE TO PUBLIC ENTITIES FOR STATE TORT CLAIMS

47.     Plaintiff, on behalf of himself and Class Members, has fully complied with California Government Code §§ 910 *et seq.* by timely filing claims with Defendants and timely filing this lawsuit thereafter.

### STATEMENT OF DAMAGES AND RELIEF SOUGHT

48.     As a result of the acts and/or omissions of Defendants as alleged in this Complaint, Plaintiff, and those persons similarly situated, and each of them, suffered damages and/or injuries, including, but not limited to, general and special damages including lost wages, emotional distress, pain and suffering, and attorney's fees incurred to clear their names and prevent recurrence of false arrest by Defendants, in amounts to be determined according to proof.

49.     As a result of the acts and/or omissions of Defendants as alleged in this Complaint, Plaintiff, and those persons similarly situated, and each of them, suffered special damages or may suffer special damages in the future, including, but not limited to, lost wages,

criminal defense attorneys' fees and costs, and bail bond expenses, in amounts to be determined according to proof.

50.    Defendants' policies, practices, customs, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to Plaintiff and Class Members, including, but not limited to, violations of their constitutional and statutory rights. Plaintiff and Class Members have no plain, adequate or complete remedy at law to address the wrongs described herein.

51.    Plaintiff and Class Members intend in the future to exercise their constitutional rights in the vicinity of the County of Ventura. Defendants' conduct described herein has created fear, anxiety and uncertainty among Plaintiff and Class Members with respect to their ability to exercise their constitutional rights in the present and future, and with respect to their liberty, privacy, physical security and safety.  Defendants' conduct described herein has also created fear, anxiety and uncertainty among Plaintiff and Class Members with respect to their exercise of their right to move freely about the public streets, in their own homes and/or in the homes of friends and/or relatives without being subjected to false arrest and incarceration based upon misidentification.

52.    Plaintiff and the Class therefore seek injunctive relief from this court, to ensure that Plaintiff and persons similarly situated will not suffer violations of their rights from Defendants' illegal and unconstitutional policies, customs and practices as described herein.

53.    An actual controversy exists between Plaintiff, Class Members and Defendants in

that Plaintiff and Class Members contend that the policies, practices and conduct of Defendants alleged herein are unlawful and unconstitutional.  Plaintiff and Class Members are informed and believe that Defendants contend that said policies, practices and conduct are lawful and constitutional.  Plaintiff seeks a declaration of rights with respect to this controversy.

### FIRST CLAIM FOR RELIEF

**(42 U.S.C. § 1983 (4th and 14th Amendments):  Against All Defendants and Does)**

54.   Plaintiff and Class Members incorporate by reference and reallege paragraphs 1 through 53 as though set forth herein *verbatim.*

55.   Plaintiff brings this cause of action on his own behalf and in his representative capacity for Class Members, as against all Defendants and Does.

56.   The conduct of each Defendant violated the rights of Plaintiff and Class Members to be secure in their persons and effects against unreasonable searches and seizures and not to be falsely imprisoned, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and entitles Plaintiff and Class Members to recover damages pursuant to 42 U.S.C. §1983.

57.   As a direct and proximate cause of the aforementioned acts of Defendants and each of them, Plaintiff and Class Members were injured and suffered damages as set forth herein.

/ / /

/ / /

### SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983 (14th Amendment):  Against All Defendants and Does)**

58.     Plaintiff and Class Members incorporate by reference and reallege paragraphs 1 through 52 and 54 through 56 as though set forth herein *verbatim*.

59.     Plaintiff brings this cause of action on his own behalf and in his representative capacity for Class Members, as against all Defendants and Does.

60.     The conduct of each Defendant violated the rights of Plaintiff and Class Members not to be wrongfully deprived of liberty, as guaranteed by the Fourteenth Amendment to the United States Constitution and entitles Plaintiff and Class Members to recover damages pursuant to 42 U.S.C. §1983.

61.     As a direct and proximate cause of the aforementioned acts of Defendants and each of them, Plaintiff and Class Members were injured and suffered damages as set forth herein.

### THIRD CLAIM FOR RELIEF

**(*Monell* Claims on the 42 U.S.C. § 1983 Claims:  Against All Defendants and Does)**

62.     Plaintiff and Class Members incorporate by reference and reallege paragraphs 1 through 53, 55 through 57, and 59 through 61 as though set forth herein *verbatim*.

63.     Plaintiff brings this cause of action on his own behalf and in his representative capacity for Class Members under 42 U.S.C. § 1983, as against all Defendants and Does.

64.     Defendants' violations of Plaintiff's and Class Members' Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, false

19

imprisonment, and wrongful deprivation of liberty, as set forth herein, were the direct and

proximate results of Defendants' longstanding customs, policies, practices and/or

procedures.

65.     These longstanding customs, policies, practices and/or procedures, include, but are

not limited to, Defendants' standard operating procedures.

66.     Said customs, policies, practices and/or procedures include, *inter alia*: an ongoing

pattern of failure to train, supervise and/or discipline Defendants' officers and employees

regarding the prevention of the wrongful arrest and detention of the wrong person due to

misidentification during the relevant time period; an ongoing pattern of deliberate

indifference and failure to investigate the truthful claims of innocent arrestees who have

been misidentified.

67.     Defendants expressly or tacitly encouraged, ratified, and/or approved of the acts

and/or omissions alleged herein, and knew that such conduct was unjustified and would

result in violations of Plaintiff's and Class Members' constitutional rights.

68.     As a result of the foregoing, Plaintiff and Class Members were subjected to pain

and suffering that was a direct and proximate result of Defendants' customs, policies,

practices and/or procedures.

## FOURTH CLAIM FOR RELIEF

### (False Imprisonment:  Against All Defendants and Does)

69.     Plaintiff and Class Members incorporate by reference and reallege paragraphs 1

through 52, 54 through 56, 58 through 60, and 62 through 67 as though set forth herein

*verbatim.*

70.    Plaintiff brings this cause of action on his own behalf and in his representative capacity for Class Members, as against all Defendants and Does.

71.    By wrongfully detaining and arresting Plaintiff and Class Members, Defendants and each of them, incarcerated persons without lawful authority or justification.

72.    As a direct and proximate cause of the aforementioned acts of Defendants and each of them, Plaintiff and Class Members were injured and suffered damages as set forth herein.

<u>FIFTH CLAIM FOR RELIEF</u>

(Cal. Civil Code § 52.1:  Against All Defendants and Does)

73.    Plaintiff and Class Members incorporate by reference and reallege paragraphs 1 through 53, 55 through 57, 59 through 61, 63 through 68, and 70 through 72,  as though set forth herein *verbatim.*

74.    Plaintiff brings this cause of action on his own behalf and in his representative capacity for Class Members, as against all Defendants and Does.

75.    The conduct of each Defendant violated the right of Plaintiff and Class Members to be secure against unreasonable searches and seizures, and to due process of law, as guaranteed by the Constitution and laws of the State of California, including Article I, §13 of the California Constitution, and the Fourth and Fourteenth Amendment of the United States Constitution.

76.    As a direct and proximate cause of the aforementioned actions of Defendants,

Plaintiff and Class Members were injured as set forth above, thereby entitling Plaintiff and Class Members to damages against Defendants under Cal. Civil Code § 52.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for judgment against Defendants, and each of them, as follows:

1.    For an order certifying the Class defined herein pursuant to Fed.R.Civ.P. 23(a) and (b)(2);

2.    For preliminary and permanent injunctive relief restraining Defendants from engaging in the unlawful and unconstitutional actions complained of above;

3.    For a declaratory judgment that Defendants' conduct complained of herein was a violation of Plaintiff's rights under the Constitution and laws of the United States and California;

4.    For general, special and compensatory damages for the named Plaintiff and Class Members, to be determined according to proof;

5.    For any applicable statutory penalties;

6.    For attorneys fees and costs under 42 U.S.C. § 1988, Civil Code §§ 52(b)(3), 52.1(h); C.C.P. § 1021.5, or under any other applicable statutes or law; and

7.    For any such other relief the Court finds just and proper.

Dated: December 29, 2010          LAW OFFICES OF BRIAN VOGEL


                                  By:_____
                                       BRIAN A. VOGEL
                                       Attorney for Plaintiff
                                       CHARLES VELASQUEZ

1

## DEMAND FOR JURY TRIAL

2

Plaintiff and the Class Members hereby demand a jury trial.

3

4    Dated: December 2 9, 2010          LAW OFFICES OF BRIAN VOGEL

5

6    By:_____

                                BRIAN A. VOGEL

7                               Attorney for Plaintiff
                                CHARLES VELASQUEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 10080 CBM (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

BRIAN A. VOGEL (SBN 167413)
EMAIL: brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Fax: (805) 654-0326

COPY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VELASQUEZ, on behalf of himself and others similarly situated<br><br>Plaintiff(s)<br><br>v.<br><br>The County of Ventura, The Ventura County Sheriff's Department, Ventura County Sheriff Bob Brooks, an individual, and Does 1-10<br><br>Defendant(s). | CASE NUMBER<br><br>CV10 10080 CBM PJWx<br><br>SUMMONS |

TO:   DEFENDANT(S): <u>The County of Ventura, The Ventura County Sheriff's Department, Ventura County Sheriff Bob Brooks, an individual, and Does 1-10.</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐_____ amended complaint counterclaim ☐cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Brian A. Vogel__, whose address is __770 County Square Drive, Ste 104, Ventura, CA 93003__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: By: _____     DEC 30 2010

By: _____ CHRISTOPHER P

Deputy Clerk

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Charles Velasquez, on behalf of himself and others similarly situated | DEFENDANTS<br>The County of Ventura, The Ventura County Sheriff's Department, Ventura County Sheriff Bob Brooks, an individual, and Does 1-10 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>The Law Offices of Brian A. Vogel, PC<br>770 County Square Drive, Ste 104, Ventura, CA 93003<br>(805) 654-0400 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No      ☑ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

1983 Violation of Civil Rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV10   10080

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s):  not available yet

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

☑  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ . Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  Brian Vogel    Date  12/29/2010

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |