Alan E. Wisotsky (SBN 68051)
Jeffrey Held (SBN 106991)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:    (805) 278-0920
Fax:    (805) 278-0289
E-mail: lawyers@wisotskylaw.com

Attorneys for Defendants, COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, and (former) VENTURA COUNTY SHERIFF BOB BROOKS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VELASQUEZ, an individual, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, an individual, and DOES 1-10,<br><br>            Defendants. | No. CV10-10080 CBM (PJWx)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY** |

Defendants COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, and (former) VENTURA COUNTY SHERIFF BOB BROOKS respond to the class action complaint for injunctive relief and damages, as follows.

### RESPONSE TO ALLEGATIONS OF COMPLAINT

1.    Answering paragraph 1 of the complaint, defendants object to the allegations of this paragraph as overly broad, compound, and containing argumentative legal conclusions.  It also contains

1

alleged facts which are currently beyond defendants' ability to confirm or deny.

2. Answering paragraph 2 of the complaint, defendants deny the subject matter jurisdiction of this Court, pursuant to the lack of viability of the defendants, pursuant to *McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997), *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004), *County of Los Angeles v. Superior Court (Peters)*, 68 Cal.App.4th 1166 (1998), and *Johnson v. Fankell*, 520 U.S. 911, 916 (1997).

3. Answering paragraph 3 of the complaint, defendants admit the allegations of this paragraph.

4. Answering paragraph 4 of the complaint, defendants possess insufficient information to admit or deny the allegations of this paragraph.

5. Answering paragraph 5 of the complaint, defendants deny the allegations of this paragraph, in accordance with the authorities enumerated in response to paragraph 2 of this answer.

6. Answering paragraph 6 of the complaint, defendants admit that the Ventura County Sheriff's Department and, at the relevant time, former Sheriff Brooks were the law enforcement agency referenced operating the facilities mentioned and the incarcerating facility. However, defendants deny that the putative class members were wrongfully detained and incarcerated.

7. Answering paragraph 7 of the complaint, defendants deny any negligence or reckless actions. Defendants did not promulgate, ratify, or adopt any deliberately indifferent custom, practice, or policy which proximately caused a deprivation of the plaintiffs' federally protected constitutional or statutory rights, as would be

required under appellate precedents, including, but not limited to, *McDade v. West*, 223 F.3d 1135, 1141-1142 (9th Cir. 2000), and *Board of County Commissioners v. Brown*, 520 U.S. 397, 404-405 (1997).

8. Answering paragraph 8 of the complaint, defendants admit that Bob Brooks was the Sheriff before the year 2011. However, characterizing him as "being responsible for" supervising, operating, and managing the Ventura County jail system misrepresents the capacity of a single person to be individually responsible for each of the categories listed. Defendants do admit, however, that former Sheriff Brooks was the policymaker for the Ventura County Sheriff's Department at the time described in the lawsuit.

9. Answering paragraph 9 of the complaint, defendants currently have no information indicating that any of their employees acted outside the scope of their employment and therefore admit the allegation of this paragraph.

10. Answering paragraph 10 of the complaint, without knowing the identities of the fictitious defendants mentioned in this paragraph, defendants cannot intelligently admit or deny these allegations.

11. Answering paragraph 11 of the complaint, defendants have insufficient information to admit or deny the allegations of this paragraph.

12. Answering paragraph 12 of the complaint, defendants have insufficient information at this time to admit or deny the allegations of this paragraph.

13. Answering paragraph 13 of the complaint, defendants have insufficient information to admit or deny the allegations of this paragraph.

14. Answering paragraph 14 of the complaint, defendants are not responsible for knowing every single aspect which occurs in the criminal proceedings in every court in the County of Ventura. In addition, defendants cannot intelligently respond to the allegations of this paragraph as to the fictitiously named defendants.

15. Answering paragraph 15 of the complaint, without further identifying information concerning Arturo Perez Gonzalez, defendants are unable to definitely confirm or deny the allegations of this paragraph.

16. Answering paragraph 16 of the complaint, without further identifying information concerning Arturo Perez Gonzalez, defendants are unable to definitely confirm or deny the allegations of this paragraph.

17. Answering paragraph 17 of the complaint, without further identifying information concerning Arturo Perez Gonzalez, defendants are unable to definitely confirm or deny the allegations of this paragraph.

18. Answering paragraph 18 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

19. Answering paragraph 19 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

20. Answering paragraph 20 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

21. Answering paragraph 21 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

22. Answering paragraph 22 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

/ / /

23. Answering paragraph 23 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

24. Answering paragraph 24 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

25. Answering paragraph 25 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

26. Answering paragraph 26 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

27. Answering paragraph 27 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

28. Answering paragraph 28 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

29. Answering paragraph 29 of the complaint, have insufficient information to admit or deny the allegations of this paragraph.

30. Answering paragraph 30 of the complaint, defendants dispute and deny that they could have "quickly determined" the identity of an actual arrest warrant subject, for myriad reasons. The allegations of this paragraph misconceive the operation of the current system by assuming that the fingerprints of all arrest warrant subjects are in the state Department of Justice database and in the warrant abstracts and, further, that there are no delays in transmitting this data to a custodial facility holding a purported subject of an arrest warrant.

The fingerprints of the subject of an arrest warrant are not always contained in the system envisioned by this class action. Examples include individuals who were cited and released, individuals who have not yet been picked up and booked on outstanding arrest warrants, and the subject of out-of-state and international

arrest warrants. In these and other categories of arrest warrant subjects, the twin operating systems relied upon by modern county jails, as described in the complaint, are short-circuited from the outset because the prints are not in that system. In the examples given, the state Department of Justice and each California county's sheriff's department's issuer of teletype warrant abstracts would not have the information necessary to confirm the identity of the person being held in custody — that is, the fingerprints.

Human error is a factor as well. The necessary identification information, such as the Criminal Incident Index (CII) number, is not always contained in the teletype warrant abstract, nor is it always available upon inquiry from the agency holding the original warrant.

Even if a CII number is available, the use of Live Scan technology to make an electronic fingerprint inquiry for the CII of the individual being held in custody is sometimes frustrated by lack of instantaneous transmission from the state Department of Justice to a county jail. The complaint, and this paragraph in particular, ignores the fact that the state Department of Justice does not automatically instantaneously transmit a CII number following receipt of the electronic fingerprints from Live Scan. In fact, delays of up to two days are experienced in the course of business.

Additionally, the press of business involving perhaps 30,000 inmates booked annually places a strain upon the available human resources of the Sheriff's Department. Inmates have health emergencies which must be taken care of before anything else. There are occasionally outbreaks of violence which take precedence.

Even assuming full budgeting and full staffing, the other emergencies in a custodial facility, combined with the sheer volume of bookings, occasionally create human delays.

Long before this suit was filed, there was an emergent technology which is currently partially implemented by defendant Ventura County Sheriff's Department. In the future, it will assist police officers in the field in making a more definitive identification of citizens with whom they come into contact. This technology is currently being deployed to field units throughout Ventura County. However, at the current time, this system can only query fingerprint identification in the local (Ventura County) AFIS (Automated Fingerprint Identification System) database. This technology is generally referred to as SPI (Single Print Identification). If a warrant had been issued by the Ventura County Superior Court, as this named representative's two warrants were not (one was issued by the Los Angeles Superior Court, while the other was issued by the Santa Barbara Superior Court), SPI would almost instantaneously have accomplished correct identification confirmation. Defendants believe that in the months and years to come, there will be a fully integrated fingerprint identification system, similar to SPI, which will be nationwide and perhaps one day even international. This is cutting-edge technology which is not yet operational for warrants not issued by the Ventura County Superior Court. Defendants believe that it is important to note that this emergent technology was already being developed long before defendants were aware of plaintiffs' lawsuit or claim.

31. Answering paragraph 31 of the complaint, defendants deny the allegations of this paragraph.

32. Answering paragraph 32 of the complaint, defendants deny the allegations of this paragraph.

33. Answering paragraph 33 of the complaint, defendants deny the allegations of this paragraph.

34. Answering paragraph 34 of the complaint, the allegations of this paragraph are vague and ambiguous as to "relevant time period," as there are actually three overlapping technologies involved in promptly and properly identifying the subjects of arrest warrants. The technology is ever changing. It is deployed as it becomes available and scientifically validated by the courts.

35. Answering paragraph 35 of the complaint, based upon the potential putatives in the class, defendants deny that the technologies listed in subparagraphs (a) through (e) of this paragraph were available, or available in a sufficiently effective manner, as to quickly and effectively identify a person under the circumstances which plaintiffs suggest in the complaint. The phrase "relevant time period" is also vague and ambiguous.

36. Answering paragraph 36 of the complaint, defendants deny the allegations of this paragraph.

37. Answering paragraph 37 of the complaint, defendants deny the allegations of this paragraph.

38. Answering paragraph 38 of the complaint, defendants deny the allegations of this paragraph.

39. Answering paragraph 39 of the complaint, defendants deny the allegations of this paragraph. Defendants believe that the broad expanse of time and the gradual development and implementation of technology make it impossible to group all of these as-yet-unidentified individuals into a single class. The named

representative is atypical to serve as a class representative because, at a minimum:

    (a) He does not typify mistaken arrest warrant subjects who were never in the system to begin with, either Live Scan or teletype warrant abstracts, such as: cite and release; never picked up on the warrant and therefore never booked through any custodial facility; and subjects of out-of-state and international arrest warrants who are not adequately represented by this named plaintiff, who has an entirely different set of issues than they would.

    (b) The majority of arrest warrant subjects are in custody for local arrest warrants, as opposed to the named representative, who was arrested for out-of-county warrants. The named representative concedes that his identity could not have been readily resolved until out-of-county detectives came to Ventura County and transported the plaintiff back to the jail in Van Nuys. There, the detectives used information at their unique disposal to ascertain the named representative's true identity, as not being that of the arrest warrant subject. Defendants have no means of having such data and photos at their disposal.

    (c) The named plaintiff alleges that approximately three days into his incarceration, he received the opportunity to appear in the Ventura County Superior Court (p. 8:1), and he was able to explain the mistaken identification problem but yet was still held in custody for the arrest warrant. This situation illustrates that a judicial determination appears to have been made concerning the propriety of the named representative's continued retention in custody. The interposition of the judicial officer removes the

defendant from the chain of responsibility. This circumstance alone makes the named representative's position unrepresentative of those class members who did not have the judicial opportunity.

  (d) It is unlikely that other potential members of this class sought and obtained a judicial finding of their factual innocence which definitively establishes the validity of their claim (or, at least, that they were not the person identified in the arrest warrant).

  (e) It is also important to distinguish that the named representative concedes that he obtained his factual findings of innocence from out-of-county courts, in one case the Los Angeles Superior Court, in the other case the Santa Barbara Superior Court. This fact further distances him from an adequate position of class representative. If it took an entirely different county's superior court judge to make such a finding, then the information necessary to distinguish the arrestee was different from that readily accessible to the defendants.

  (f) As an out-of-county arrest warrant subject, the named plaintiff is atypical. If those putatives were arrested based upon arrest warrants issued by the Ventura Superior Court, the modern technology of the Single Print Identification method, tied into the Automated Fingerprint Identification System, would have functioned to immediately confirm or deny their identities as the arrest warrant subjects.

  (g) The named plaintiff has claimed unique damages, such as wage loss and inability to spend Easter with his daughter. His unique damage claims differentiate him from those putatives whose only damage is that associated with the loss of freedom, per se.

40. Answering paragraph 40 of the complaint, defendants deny the allegations of this paragraph. There is no such homogeneous class. Also, defendants do not fail to confirm arrestees' identities.

41. Answering paragraph 41 of the complaint, defendants deny the allegations of this paragraph.

42. Answering paragraph 42 of the complaint, defendants deny the allegations of this paragraph and its subparts. It is a misstatement of the case in that the information contained in an arrest warrant is a function of the filing law enforcement agency and the superior court, neither of which the defendants control. Specifically, as to subdivision (e), this allegation has nothing to do with this lawsuit. Defendants are a custodial facility, not the warrant issuer. This issue is strictly in the realm of a judicial determination and therefore is contradictory of plaintiffs' central argument that the custodial facility should be "quickly" making this decision. As to subparagraph (f), this is exactly the reason why the named plaintiff does not appropriately represent any perceived class. His warrants were issued by other counties. Therefore, defendants could not possibly be expected to have known of information not "within the Live Scan records."

Defendants deny the allegations of subparagraph (g). Defendants deny the allegations of subparagraph (h), in that the evaluative test for a pretrial detainee is the same as for any other inmate. The test, in cases not involving a guard's application of force, is subjective deliberate indifference. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

Subparagraph (i) is irrelevant. Defendants do train their custodial personnel in the technology of each era as that phase becomes available. Defendants deny the allegations of subparagraph (j). Defendants would, however, like to affirmatively state that their use of the emergent print identification techniques and their continued development of it, before this case was conceived, is proof that the proper identification of citizens has always been an important and primary goal, irrespective of this litigation.

43. Answering paragraph 43 of the complaint, defendants deny the allegations of this paragraph for the reasons previously given (please refer to paragraph 39's response). The atypicality of the named plaintiff makes him unsuitable as the named class representative, given his differences with other purported custodial classes. *Hawkins v. Comparet-Cassani*, 251 F.3d 1230 (9th Cir. 2001).

44. Answering paragraph 44 of the complaint, defendants deny the allegations of this paragraph.

44. Answering paragraph 44 of the complaint, defendants have insufficient information to admit or deny the allegations of this paragraph.

45. Answering paragraph 45 of the complaint, defendants deny the allegations of this paragraph.

46. Answering paragraph 46 of the complaint, defendants deny the allegations of this paragraph.

47. Answering paragraph 47 of the complaint, defendants are currently unable to locate this document. If plaintiff has it, defendants will honor its applicability to the state-law causes of action.

48. Answering paragraph 48 of the complaint, defendants deny the allegations of this paragraph.

49. Answering paragraph 49 of the complaint, defendants deny the allegations of this paragraph.

50. Answering paragraph 50 of the complaint, defendants deny the allegations of this paragraph.

51. Answering paragraph 51 of the complaint, defendants object to the allegations of this paragraph as argumentative, vague and ambiguous, as well as compound. Without waiving these objections, however, defendants deny the allegations of this paragraph.

52. Answering paragraph 52 of the complaint, defendants deny the allegations of this paragraph. There is no constitutional violation. The named representative is not typical of the class and is not an adequate representative. There is no reasonable possibility of recurrence, and damages alone do not create injunctive relief standing. *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999).

53. Answering paragraph 53 of the complaint, defendants deny the allegations of this paragraph.

54. Answering paragraph 54 of the complaint, defendants incorporate by reference their responses to these paragraphs at this point, as though fully set forth hereat.

55. Answering paragraph 55 of the complaint, defendants deny the allegations of this paragraph.

56. Answering paragraph 56 of the complaint, defendants deny the allegations of this paragraph.

57. Answering paragraph 57 of the complaint, defendants deny the allegations of this paragraph.

58. Answering paragraph 58 of the complaint, defendants incorporate by reference their responses to the specified paragraphs as though fully set forth hereat.

59. Answering paragraph 59 of the complaint, defendants deny the allegations of this paragraph.

60. Answering paragraph 60 of the complaint, defendants deny the allegations of this paragraph.

61. Answering paragraph 62 of the complaint, defendants deny the allegations of this paragraph.

62. Answering paragraph 62 of the complaint, defendants incorporate by reference their responses to the allegations of the specified paragraphs as though fully set forth hereat.

63. Answering paragraph 63 of the complaint, defendants deny the allegations of this paragraph.

64. Answering paragraph 64 of the complaint, defendants deny the allegations of this paragraph.

65. Answering paragraph 65 of the complaint, defendants deny the allegations of this paragraph.

66. Answering paragraph 66 of the complaint, defendants deny the allegations of this paragraph.

67. Answering paragraph 67 of the complaint, defendants deny the allegations of this paragraph.

68. Answering paragraph 68 of the complaint, defendants deny the allegations of this paragraph.

69. Answering paragraph 69 of the complaint, defendants incorporate their responses to the allegations of these paragraphs as though fully set forth hereat.

/ / /

1   70.  Answering paragraph 70 of the complaint, defendants deny the allegations of this paragraph.

2   71.  Answering paragraph 71 of the complaint, defendants deny the allegations of this paragraph.

3   72.  Answering paragraph 72 of the complaint, defendants deny the allegations of this paragraph.

4   73.  Answering paragraph 73 of the complaint, defendants incorporate their responses to the allegations of these paragraphs as though fully set forth hereat.

5   74.  Answering paragraph 74 of the complaint, defendants deny the allegations of this paragraph.

6   75.  Answering paragraph 75 of the complaint, defendants deny the allegations of this paragraph.

7   76.  Answering paragraph 76 of the complaint, defendants deny the allegations of this paragraph.

8   77.  Defendants deny the right of plaintiffs to any of the seven forms of relief specified in the complaint's prayer for relief.

### AFFIRMATIVE DEFENSES

1.  As and for a first separate and distinct affirmative defense, the action is not viable as against the defendants. The Ventura County Sheriff's Department and Ventura County Sheriff Bob Brooks are Eleventh Amendment immune actors, in accordance with *McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997), *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004), *Pitts v. County of Kern*, 17 Cal.4th 340 (1998), *County of Los Angeles v. Superior Court (Peters)*, 68 Cal.App.4th 1166 (1998), *Johnson v. Fankell*, 520 U.S. 911, 916 (1997), and *Will v. Michigan Department of State*

*Police*, 491 U.S. 58 (1989). The Ventura County Sheriff's Department and Ventura County Sheriff Bob Brooks are immune Eleventh Amendment actors, and the County of Ventura, as a separate political agency, cannot control the decisions, actions, and policies of the two previously mentioned custodial defendants.

2. As and for a second separate and distinct affirmative defense, the individual defendants, including Ventura County Sheriff Bob Brooks, are entitled to the benefit and protection of the qualified immunity.

3. As and for a third separate and distinct affirmative defense, Ventura County Sheriff Bob Brooks is not amenable to suit in that he is a supernumerary defendant, in accordance with *Luke v. Abbott*, 954 F.Supp. 202 (C.D. Cal. 1997).

4. As and for a fourth separate and distinct affirmative defense, injunctive, declaratory, and equitable relief is not proper. Damages claims alone do not confer standing. *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999). There is an absence of any realistic threat of future injury to the named plaintiff, in view of the factual findings of innocence described in the complaint, such that the named plaintiff cannot demonstrate any case or controversy with the defendants which would justify the equitable relief sought. Article III's case or controversy considerations obviously shade into those determining whether the complaint states a sound basis for equitable relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974).

5. As and for a fifth separate and distinct affirmative defense, the named plaintiff does not satisfy the class certifi-

cation criteria, including typicality, for the reasons described in the responses to the allegations of the paragraphs of the complaint, especially paragraph 39. In addition to the features contraindicating the named plaintiff's typicality, others include that he has demanded unique, personal damages which would differ for each plaintiff in the putative class, as well as from other named representatives, and he is not subject to rearrest, considering the factual findings of innocence which the complaint describes, making him an unsuitable equitable-declaratory-injunctive representative, for the reasons stated under the *Lyons* and *O'Shea* decisions of the United States Supreme Court.

6. As and for a sixth separate and distinct affirmative defense, defendants were pursuing all of the steps described by the complaint before the complaint was filed, and unrelated to the litigation in this matter, disentitling plaintiff to any award of fees.

7. As and for a seventh separate and distinct affirmative defense, defendants, at the time of this answer, have, or soon will, serve a Rule 68 offer upon the plaintiff addressing the equitable, legal, and certification issues, rendering any post-offer fees and costs claimed by the plaintiff or plaintiffs to be unreasonable and unrecoverable.

WHEREFORE, these answering defendants pray that plaintiff take nothing by reason of his complaint on file herein, for judgment in
/ / /
/ / /
/ / /

17

favor of defendants, for costs of suit incurred herein, and for such other and further relief as the Court deems just and proper.

Dated:  February **28**, 2011

                          LAW OFFICES OF ALAN E. WISOTSKY

                        By: _____
                           JEFFREY HELD
                           Attorneys for Defendants,
                           COUNTY OF VENTURA, VENTURA
                           COUNTY SHERIFF'S DEPARTMENT,
                           and SHERIFF BOB BROOKS

**DEMAND FOR TRIAL BY JURY**

Without prejudice to any pretrial or trial dismissal motions, defendants hereby demand that the trial be to a jury.

Dated: February 28, 2011

LAW OFFICES OF ALAN E. WISOTSKY

By: /s/ Jeffrey Held
JEFFREY HELD
Attorneys for Defendants,
COUNTY OF VENTURA, VENTURA
COUNTY SHERIFF'S DEPARTMENT,
and SHERIFF BOB BROOKS