```
 1  Alan E. Wisotsky (SBN 68051)
    Jeffrey Held (SBN 106991)
 2  LAW OFFICES OF ALAN E. WISOTSKY
    300 Esplanade Drive, Suite 1500
 3  Oxnard, California  93036
    Tel:     (805) 278-0920
 4  Fax:     (805) 278-0289
    E-mail:  lawyers@wisotskylaw.com
 5
    Attorneys for Defendants, COUNTY OF
 6  VENTURA, VENTURA COUNTY SHERIFF'S
    DEPARTMENT, and SHERIFF BOB BROOKS
 7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VELASQUEZ, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, an individual, and DOES 1-10,<br><br>    Defendants. | No. CV10-10080 CBM (PJWx)<br><br>STIPULATION FOR ORDER:<br>(1) CONTINUING 16(b) SCHEDULING CONFERENCE;<br>(2) CONTINUING DEADLINE FOR FILING OF CLASS CERTIFICATION MOTION |

IT IS HEREBY STIPULATED by and between the parties to this lawsuit, plaintiffs, CHARLES VELASQUEZ, an individual, on behalf of himself and all others similarly situated, and defendants, COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT, all fictitious defendants associated with them, and (former) Ventura County Sheriff BOB BROOKS, as evidenced by the signatures of their counsel below, as follows:

1. The Court has scheduled the 16(b) scheduling conference to occur on May 9, 2011, at 11:00 a.m.

2. The parties respectfully submit that there is good cause for the Court to order the continuance of the 16(b) conference to a date convenient to the Court's calendar, approximately two months later.

3. The parties have been engaging in active settlement dialogue during the past several weeks. The parties' perspectives on the various facets of the litigation, legal, equitable, and class, do not appear to be very divergent.

4. The early fruitfulness of the interchange of ideas for settlement resolution of the entire action has enabled defendants to come very far in the formulation of a Rule 68 offer.

5. It is quite probable that within the next few weeks, defendants will serve the Rule 68 offer upon the plaintiffs.

6. It currently appears that there is a reasonable probability that the Rule 68 offer may end up satisfying all litigants and culminate in a non-litigious, amicable resolution of all claims in the lawsuit.

7. The parties have thought it disadvantageous to pursue adversarial litigation, such as discovery and motions, considering the proximity of their resolution perspectives.

8. Further, a continuance of the presently scheduled 16(b) conference would be extremely helpful to all litigants, because the parties would not then need to expend fees and costs pursuing numerous activities, such as developing the data necessary to conduct an early meeting of counsel, conducting the early meeting of counsel, drafting a 16(b) report, and attending the hearing of

the 16(b) conference, during the pendency of what appear to be quite productive settlement discussions.

9. Plaintiffs will have two weeks to consider the Rule 68 offer. It is also possible the offer might stimulate a mediation, which would consume yet more time during which the parties would not want to expend resources pursuing adversarial proceedings.

10. If the Rule 68 offer is accepted, as presently appears likely, there will be a substantial amount of additional time needed to work out the myriad details of implementing class notice.

11. The plaintiffs should not be required to submit their class certification motion within the Central District Local Rules while it appears that the matter will likely fully resolve without adversarial litigation. It is therefore also respectfully requested that the Court grant plaintiffs a continuance of approximately two months from the presently scheduled class certification motion filing deadline of June 1, 2011, within which to file the class certification motion. Therefore, a date for the class certification deadline is suggested to be mid August of 2011.

12. If the Court is disinclined to grant the parties' request for a continuance of the 16(b) scheduling conference, it is requested by defendants' counsel that it be continued at least one week due to the fact that defense counsel has a long-scheduled, complex summary judgment motion hearing in a Santa Barbara Superior Court case. That hearing is also scheduled for May 9, 2011, at 8:30 a.m. By the time the case would be argued, it would be difficult for defense counsel to reach downtown Los Angeles by 11:00 a.m. The two cases, the Santa Barbara Superior Court case and the current litigation, are both complex and uniquely known to

the handling defense attorney.

**IT IS SO STIPULATED.**

Dated: April 1, 2011        _/s/ Brian Vogel_
                            BRIAN A. VOGEL
                            Attorney for Plaintiffs, CHARLES VELASQUEZ,
                            an individual, on behalf of himself and all
                            others similarly situated

Dated: April 4, 2011        _/s/ Jeffrey Held_
                            JEFFREY HELD
                            Attorney for Defendants, COUNTY OF VENTURA,
                            VENTURA COUNTY SHERIFF'S DEPARTMENT, and
                            SHERIFF BOB BROOKS