```
1  BRIAN VOGEL, SBN 167493
2  brian@bvogel.com
   THE LAW OFFICES OF BRIAN A. VOGEL, PC
3  770 County Square Drive, Suite 104
   Ventura, CA 93003
4  Telephone: (805) 654-0400
5  Facsimile: (805) 654-0326
6
   Attorney for Plaintiff
7  CHARLES VELASQUEZ
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VELASQUEZ, an individual, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br>vs.<br><br>THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, AND DOES 1-10<br><br>          Defendants. | Case No. CV10 10080 CBM (PJWx)<br><br>**VELASQUEZ V. COUNTY OF VENTURA CLASS ACTION**<br><br>**AMENDED JOINT STIPULATION AND REQUEST TO VACATE SCHEDULING CONFERENCE AND EXTENDING CERTIFICATION MOTION DATE.**<br><br>[FRCP 23 and Central District Local Rule 23-3] |

**THIS JOINT STIPULATION IS ENTERED INTO** by and between Plaintiff CHARLES VELASQUEZ and Defendants COUNTY OF VENTURA, VENTURA COUNTY SHERIFF'S DEPARTMENT AND FORMER VENTURA COUNTY SHERIFF BOB BROOKS (collectively, the "parties"), by and through their attorneys of record:

**WHEREAS**, Plaintiff Charles Velasquez filed his initial Class Action Complaint on or about December 30, 2010; and

**WHEREAS**, Plaintiff served his Class Action Complaint on Defendants on or about December 30, 2010;

**WHEREAS**, on January 18, 2011, Plaintiff agreed to a 30-day extension for Defendants to file the Answer, until February 28, 2011;

**WHEREAS**, pursuant to Central District Local Rule 23-3, Charles Velasquez must file his certification motion within 90 days of service of the complaint unless an extension is ordered by the court;

**WHEREAS**, the parties have met and conferred regarding the anticipated length of time needed to complete the discovery necessary for the motion for certification as well as the opposition thereto, taking into consideration the potential need for resolution of discovery disputes;

**WHEREAS**, after meeting on April 25, 2011, the parties have agreed that a legal and equitable settlement of the entire lawsuit is probable if the court allows the parties sufficient time to propose and consider a Rule 68 offer and engage in mediation;

**WHEREAS**, the complexity of a combination legal-equitable-class implementation Rule 68 offer in a legally and factually complicated case is without precedent, the drafting and approval process for the offer has proven somewhat problematic;

**WHEREAS**, defense counsel has been required to obtain multiple approvals of the offer by various defendant decision-makers including the Ventura County Sheriff's Office

(as to the equitable components), the County of Ventura Risk Management Division (as to the legal components), and the County of Ventura's excess insurer (as to the class components);

**WHEREAS**, various modifications to the Rule 68 offer have been received from various defendant decision-makers, incorporated into revised drafts, and then resubmitted for reapproval as modified, the drafting of the Rule 68 offer and the approval process has proven to be more lengthy than originally anticipated;

**WHEREAS**, the defendants anticipate service of the Rule 68 offer and initial disclosures regarding the putative class before May 9, 2011, and following plaintiff's receipt of the offer and initial disclosures, plaintiff will require a reasonable period of time to evaluate the adequacy of the initial disclosures and the Rule 68 offer;

**WHEREAS**, the parties agree that plaintiff's motion for certification requires consideration of the Rule 68 offer and the initial disclosures and may require additional discovery, the parties agree that the deadline for filing a motion for certification should be suspended indefinitely pending the outcome of their good faith efforts to mediate the dispute and resolve the litigation in its entirety;

**WHEREAS**, the parties agree that discovery can be conducted once the defendants serve their initial disclosures and Rule 68 offer, and that any discovery disputes will be taken up with the magistrate;

**WHEREAS**, the parties respectfully request that the court vacate the May 9, 2011 Scheduling Conference and either: (a) schedule a status conference on August 1, 2011, or (b)

allow the parties to file monthly progress reports concerning settlement status so that the court can determine if and when to schedule litigation events;

**WHEREAS**, counsel conducted a prefiling conference in compliance with the local rules and would be prepared to submit a formal Rule 16 scheduling report if the court denies this request.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the parties that:

(1) Before May 9, 2011, the defendants shall serve plaintiff's counsel with initial disclosures and either a Rule 68 offer or an agreement to mediate the case. The agreement to mediate shall state that the mediation will occur prior to July 1, 2011.

(2) The deadline for filing a motion for certification should be suspended indefinitely pending the outcome of the good faith efforts of the parties to mediate the dispute and resolve the litigation in its entirety.

(3) Discovery can be conducted once the defendants serve their initial disclosures and Rule 68 offer, and any discovery disputes will be taken up with the magistrate.

(4) The parties respectfully request that the court vacate the May 9, 2011 Scheduling Conference and further request that the court either: (a) schedule a status conference in approximately 3 months in the future such as August 1, 2011, or (b) allow the parties to file monthly progress reports concerning settlement status so that the court can determine if and when to schedule further litigation events.

(5)     The parties respectfully request that the court sign the [Proposed] Order attached

hereto which reflects the terms of the above joint stipulation.

IT IS SO STIPULATED.

Dated: April 26, 2011        LAW OFFICES OF ALAN E. WISOTSKY

By: /s/ Jeffrey Held
JEFFREY HELD
Attorneys for Defendants County of Ventura, Ventura County Sheriff's Dept. and Ventura County Sheriff Bob Brooks

Dated: April 26, 2011        THE LAW OFFICES OF BRIAN A. VOGEL, PC

By: /s/ Brian Vogel
BRIAN A. VOGEL
Attorney for Plaintiff Charles Velasquez