BRIAN VOGEL, SBN 167493
brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, CA 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorney for Plaintiff
CHARLES VELASQUEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VELASQUEZ, an individual, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br> vs.<br><br>THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, AND DOES 1-10<br><br>   Defendants. | Case No. CV10 10080 CBM (PJWx)<br><br>**VELASQUEZ V. COUNTY OF VENTURA CLASS ACTION**<br><br>**JOINT DECLARATION AND STIPULATION OF COUNSEL TO REQUEST A CONTINUANCE OF THE CERTIFICATION MOTION FILING DEADLINE.**<br><br>**[FRCP 23 and Central District Local Rule 23-3]** |

It is hereby stipulated by and between the parties, through their respective counsel,

that the parties request a continuance of the current certification deadline of August 15,

2011, on the basis of the following declaration entered into by both parties' counsel:

1.   During the dates July 5th and 6th, 2011, mediator Louise A. LaMothe assisted the

parties and their counsel in two full days of mediation.

1

2.    The mediation attendees included Plaintiff Charles Velasquez, Plaintiff's counsel,
      Brian Vogel, Heather Quest and paralegal, Nadirah Porter, defense counsel Alan
      Wisotsky and Jeffrey Held, and Defendants' representatives.  These
      representatives were Sheriff's Office personnel, Assistant Sheriff, Gary Pentis, Jail
      Commanders, Linda Oksner and Guy Stewart, and Risk Managers, Chuck Pode
      and Jacalyn Cohen.  Present throughout the mediation was the mediator, Louise A.
      LaMothe.

3.    The parties succeeded in resolving the injunctive relief issues, in principle, by
      tentatively agreeing to a new policy designed to prevent the misidentification of
      arrest warrant subjects by correcting flaws in the Ventura County Sheriff's
      Office's identification procedures.

4.    The parties scheduled a third and fourth mediation session with Ms. LaMothe for
      August 4th and 5th, 2011 to attempt to resolve the remaining issues in the case.

5.    The parties have been aggressively discovering the case.  Defendants have deposed
      the plaintiff representative.  Plaintiff has noticed the depositions of Defendants'
      persons most knowledgeable and numerous percipient witnesses to occur in
      August 2011.  Plaintiff has served three document demands upon Defendant
      Ventura County Sheriff's Office, special interrogatories and request for admissions
      and obtained a ruling on a motion to compel the putative class contact information.

6.    During class certification settlement discussions during the afternoon of July 6,
      2011, it became apparent that proper determination of the identity of putative class

members will involve an extremely time intensive analysis. For instance, determining the proper scope of the class will require answering the question of whether the putative class members were properly held in custody based solely upon the wrong warrant, or whether there were other lawful charges or detainers justifying their incarceration. The parties have established a reasonable timetable for Plaintiff to receive subpoenaed records, provide Defendants with a list of putative class members and for Defendants to analyze the list for that purpose.

7. The parties recognize that on April 27, 2011, the Court granted the parties a second continuance of the filing deadline of the motion for certification from June 1, 2010 until August 15, 2011. Notwithstanding the Court's admonition that no further continuances would be granted, in light of the substantial progress made between the parties towards resolution and the time consuming data assimilation remaining, the parties respectfully join in requesting the Court's indulgence in granting an additional continuance until December 15, 2011 within which to file the certification motion or otherwise to settle the case.

8. The mediator has authorized us to state that she supports this request.

9. No party will be prejudiced as a result of the granting of the continuance until

///

///

///

///

3

1    December 15, 2011.

2        We declare under penalty of perjury of the laws of the State of California that the

3

4    foregoing is true and correct.

5

6    Dated: July 6 , 2011              LAW OFFICES OF ALAN E. WISOTSKY

7

8

9                                     By: _____

10                                         JEFFREY HELD
                                           Attorneys for Defendants County of Ventura,
11                                         Ventura County Sheriff's Dept. and Ventura
                                           County Sheriff Bob Brooks
12

13   Dated: July 6, 2011              THE LAW OFFICES OF BRIAN A. VOGEL, PC

14

15

16                                    By: _____

17                                        BRIAN A. VOGEL
                                          Attorney for Plaintiff Charles Velasquez
18

19

20

21

22

23

24

25

26

27

28

4