1  BRIAN VOGEL, SBN 167493
2  brian@bvogel.com
   THE LAW OFFICES OF BRIAN A. VOGEL, PC
3  770 County Square Drive, Suite 104
   Ventura, CA 93003
4  Telephone: (805) 654-0400
5  Facsimile: (805) 654-3026

6  Attorney for Plaintiffs
7  CHARLES VELASQUEZ

8

9  UNITED STATES DISTRICT COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| CHARLES VELASQUEZ, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, AND DOES 1-10<br><br>Defendants. | Case No. CV10-10080 CBM(PWJx)<br><br>**VELASQUEZ V. COUNTY OF VENTURA CLASS ACTION**<br><br>**JOINT RULE 26(f) REPORT FOR RULE 16(b) SCHEDULING CONFERENCE**<br><br>Date: July 18, 2011<br>Time: 11:00 a.m.<br>Courtroom: 2 |

This joint report is submitted in accordance with FRCP 16(b)(1) through (6) and FRCP 16(c) on behalf of the Plaintiff Charles Velasquez and others similarly situated, by his counsel Brian A. Vogel and Defendants County of Ventura, the Ventura County Sheriff's Department, former Ventura County Sheriff Bob Brooks, by their counsel Jeffrey Held. The parties conferred on July 6, 2011 and hereby submit the following

1

report of the planning meeting:

**(A) STATEMENT OF THE CASE**

The parties and their attorneys participated in a very productive mediation during the dates of July 5 and 6, 2011. Present at the mediation were Plaintiff Charles Velasquez, Plaintiff's counsel, Brian Vogel, Heather Quest and paralegal, Nadirah Porter, defense counsel Alan Wisotsky and Jeffrey Held, and Defendants' representatives. These representatives were Sheriff's Office personnel, Assistant Sheriff, Gary Pentis, Jail Commanders, Linda Oksner and Guy Stewart, and County Risk Managers, Chuck Pode and Jacalyn Cohen. Present throughout the mediation was the mediator, Louise A. LaMothe.

By the end of the second day of the mediation, nearly complete agreement upon a newly created policy to prevent misidentification of warrant arrestees had been reached. Finalization of the agreement is expected to be reached in the near future and the new policy will satisfy the satisfy the equitable concerns in this action.

The parties have scheduled two additional days of mediation with Ms. LaMothe on August 4 and 5, 2011. The parties will finalize the new policy (if not already completed), and attempt to resolve the named plaintiff's damages claims and fees of counsel.

The plaintiff has been conducting active, extensive discovery. This includes three requests for production of documents, interrogatories and requests for admission. There are no discovery disputes. The deposition of the plaintiff has been completed. Plaintiff will depose the defense witnesses in mid-August.

**(1) Plaintiff's Contentions**

This lawsuit has been brought as a proposed class action. Plaintiff Representative Velasquez has alleged the following claims for relief in the U.S. District Court for the Central District of California: (1) Violation of Civil Rights: Unreasonable Seizures and False Imprisonment (42 U.S.C. § 1983/4th and 14th Amendments); (2) Violation of Civil Rights: Deprivation of Liberty (42 U.S.C. § 1983/14th Amendment) (3) *Monell* Claims on the 42 U.S.C. § 1983 claims; (4) False Imprisonment; (5) California Civil Code § 52.1: Interference with Exercise of Civil Rights by Unreasonable Detention. The class is defined as all persons who have been wrongfully arrested pursuant to a warrant for another person and then wrongfully detained and incarcerated as a result of the County of Ventura and the Ventura Sheriff's Department's failure to verify the individuals' identities, during the time period of December 30, 2008 until the present. Plaintiff seeks damages as well as injunctive relief on behalf of himself and the putative class members.

Plaintiff Representative Velasquez's specific claims arise out of Defendants' wrongful booking and incarceration of him in the Ventura County Jail during the time period between March 28, 2010 and April 5, 2010. Plaintiff alleges in essence that Defendants' conduct was wrongful because Plaintiff was not the correct individual on the warrants for which he was held, and although he complained, nothing was done by Defendants to investigate his claims in a timely manner or to release him.

**(2) Defendants' Contentions**

Defendants assert that the named plaintiff, Charles Velasquez, was the subject of the Santa Barbara County arrest warrant for which Port Hueneme Officer, Paul Gomez, arrested him. The unique personal identification number on the Santa Barbara teletyped

3

warrant abstract matched the corresponding number, (an FBI number) in the Livescan return from the plaintiff's electronic fingerprinting from the California Department of Justice

The matching of the numbers confirmed Plaintiff's identity as the subject of the arrest warrant for which he was arrested. This numerical comparison is all that the Ninth Circuit requires. (*Fairley vs. Luman, Lee vs City of Los Angeles, Alavarado vs. Bratton.*) The booking floor video shows no protest by plaintiff.

Therefore, the first four days of Plaintiff's incarceration, (March 28, 2010 - April 1, 2010), were lawful. The flaw in the system occurred on that date.

As part of a standard pre-release wants and warrants check, an alias warrant for the plaintiff was discovered issued by Los Angeles County. But the plaintiff did protest his mistaken identity on this occasion. The deputy to whom he protested (and the warrant check deputy even before his protest) compared the unique personal identification number in the Los Angeles warrant with the Ventura County Sheriff's own internal computer system, rather than with a Livescan return.

This problem is being repaired with the new policy agreed to with Plaintiff's counsel on July 6, 2011. The Livescan return is pristine, whereas the Sheriff's own, internal computer records have been sporadically contaminated by the identification numbers of other persons, such as identity thieves.

No violence befell the Plaintiff during the incarceration.

**(B) SUBJECT MATTER JURISDICTION**: Subject Matter Jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and

1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983.

(C) **LEGAL ISSUES**: The legal issues involved in this litigation include: the existence or absence of the constitutional violations pled by Plaintiff, whether the class as defined above should be certified, whether Defendants are liable under the case of *Monell v. Department of Social Services*, 436 U.S. 658, 690-691, 98 S.Ct. 2018 (1978), whether injunctive relief should be granted and in what form the injunctive relief should take, and issues concerning compensatory damages, attorneys' fees and costs.

(D) **REALISTIC RANGE OF PROBABLE DAMAGES:**

The claims for relief alleged by Plaintiff provide for the following damages including compensatory damages, statutory damages as allowed by law, punitive damages against individual defendants, and attorneys fees and costs. The compensatory damages may include loss of wages and/or position, emotional distress damages, loss to reputation and loss of consortium. California Civil Code § 52.1(b) provides for damages under Civil Code § 52, which provides for up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto. Civil Code § 52.1 further provides for injunctive and equitable relief.

It is not possible to give a realistic range of damages at this stage in the litigation as that amount will depend on certification of the class. Defendants contest the applicability of the state statute, contending that, bu its own terms, it is limited threats and to state court venue.

(E) **LIKELIHOOD OF ADDITIONAL PARTIES OR AMENDED**

5

**PLEADINGS**:  At this juncture, Plaintiff does not anticipate any additional defendants to be named.  Plaintiff will attempt to file an amended complaint to add plaintiff representatives if Plaintiff deems necessary.

**(F) MANUAL FOR COMPLEX LITIGATION:** At this time, Plaintiff does not believe any of the procedures from the Manual of Complex Litigation should be utilized.

**(G) PROPOSED DISCOVERY CUT-OFF DATES**: The current deadline for Plaintiff to file his Motion for Certification is August 15, 2011.  Pursuant to the concurrently filed Joint Stipulation to Continue the Certification Date and [Proposed] Order, the parties request that, given the present state of discovery and the parties continuing efforts to resolve the case at mediation, the current date for the filing of the certification motion be continued to December 15, 2011.  The parties further request that the Court calendar another scheduling conference after the hearing on the certification motion to schedule the merits phase discovery and trial.

**(H) MOTIONS**:  Plaintiff will file his Motion for Certification and may also file a Motion for Summary Judgment and/or Adjudication.

**(I) PROSPECTS OF SETTLEMENT**:  Plaintiff believes the prospects of settlement are good.  The parties have engaged in two days of mediation with respected mediator, Louise A. LaMothe, and have made much progress on the injunctive relief portion of the lawsuit.  The parties have scheduled a third of mediation during the first week of August to continue those efforts.  The parties chose this August date in consideration of the current state of discovery.

**(J) COURT OR JURY TRIAL**: The trial shall be a jury trial.

(K) **ANTICIPATED LENGTH OF TRIAL:** It is too early to estimate the length of trial as the certification motion has not yet been heard by the Court.

(L) **ATTORNEY'S WHO WILL TRY THE CASE**: For Plaintiff and the putative class, Brian A. Vogel of the Law Offices of Brian A. Vogel, PC.  For Defendants, Alan E. Wisotsky and Jeffrey Held of the Law Offices of Alan E. Wisotsky.

(M) **CONSENT TO DESIGNATE A MAGISTRATE JUDGE TO CONDUCT PROCEEDING:** Plaintiff will not consent to a magistrate judge to conduct all proceedings in this matter.

Dated: July 6, 2011        LAW OFFICES OF BRIAN A. VOGEL, PC

By: /s/ Brian Vogel
BRIAN A. VOGEL
Attorney for Plaintiff, Charles Velasquez

Dated: July 6, 2011        LAW OFFICES OF ALAN E. WISOTSKY

By: /s/ Jeffrey Held
JEFFREY HELD
Attorneys for Defendants County of Ventura, et al.