BRIAN VOGEL, SBN 167493
brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, CA 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorney for Plaintiff
CHARLES VELASQUEZ, individually and on
behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VELASQUEZ, an individual on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE COUNTY OF VENTURA, THE VENTURA COUNTY SHERIFF'S DEPARTMENT, VENTURA COUNTY SHERIFF BOB BROOKS, AN INDIVIDUAL, AND DOES 1-10 <br><br> Defendants. | Case No. CV10-10080 CBM(PWJx) <br><br> **VELASQUEZ V. COUNTY OF VENTURA CLASS ACTION** <br><br> **[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR: (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT; (2) CONDITIONAL CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT; AND (3) APPROVAL OF CLASS NOTICE AND METHOD FOR DISTRIBUTION OF NOTICE** <br><br> **[Filed concurrently with Notice and Motion, Memorandum of Points and Authorities; and Declaration of Brian A. Vogel]** <br><br> Date: October 24, 2011 <br> Time: 11:00 a.m. <br> Courtroom: 2 |

1

This matter comes before the Court on the Plaintiff's Motion for (1) Preliminary Approval of Class Action Settlement Agreement; (2) Conditional Class Certification for Purposes of Settlement; and (3) Approval of Class Notice and Method for Distribution of Notice of a class action settlement. The motion is unopposed. Having reviewed the submissions of the parties, including the Settlement Agreement and its attached exhibits, and having heard the parties' arguments, the motion is hereby GRANTED. The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by the Court. It appears to the Court on a preliminary basis that the Settlement is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. If further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of serious and non-collusive, arms-length negotiations, including voluntary mediation before an experienced mediator.

The Court conditionally finds that, for the purposes of approving this settlement only, the proposed Class meet the requirements for certification of a settlement class under Rule 23(a) and (b) of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) certain claims of

Plaintiffs are typical of the claims of the members of the proposed Class; (d) Plaintiff and their counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy. The Court therefore GRANTS the parties' request for certification of the following Rule 23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement.

Settlement Class:

The Court APPOINTS, for settlement purposes only, the firm of Brian A. Vogel, PC as Class Counsel.

The Court APPOINTS, for settlement purposes only, Plaintiff Charles Velasquez as Class Representative.

The Court APPROVES the form and content of the Class Action Settlement Agreement and the Notice of Class Action Settlement, Claim Form and Opt-Out Form, which are attached as Exhibits I, N and P to the Settlement Agreement, and directs the parties to distribute the same to the settlement class via a settlement administrator. The parties are authorized to make non-substantive changes to the Notice of Class Action Settlement and Claim Form that are consistent with the terms of the Settlement Agreement and this Order.

The Court ORDERS the following timeline for administration of the Settlement Agreement:

///

**Deadline for Parties to agree upon a Monitor and a Special Master and file notice of the agreement with the Court:** _____ 30 days from the date of this order.

**Deadline for Commencement of Class Notification:** _____ Within 30 days of ascertainment of the Settlement Agreement Database but not later than 120 days from the date of this order.

**Deadline for Class Members to Object:** _____ On or before the "Bar Date" which means the close of business on the 120th day after the first day of mailing Class Notice.

**Deadline for Class Members to Opt-Out:** ___ On or before the "Bar Date" which means the close of business on the 120th day after the first day of mailing Class Notice.

**Deadline for Attorneys representing Objectors or Opt-Outs to Notice Appearance:** ___ Within 30 days of the "Bar Date".

**Deadline for Class Members to Return Claim Forms:** ___ 120 days from the date the Claims Administrator mails the Settlement Documents.

The Court finds that the Class Action Settlement Agreement, Notice of Settlement, Claim Form, and Opt-Out Form and procedure set forth in the Stipulation and Addendum for providing notice to the Class, will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises Class Members of their rights under this settlement, and therefore, meets the requirements of due process.

Should, for whatever reason, the Settlement not become final, the fact that the

4

Parties were willing to stipulate to class certification as apart of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context. This Settlement is not a concession or admission and shall not be used or construed against any Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by any Defendant or any of the Released Parties.

The parties shall return before this Court on _____ [earliest date convenient to the Court more than ____ 180 days, but not more than ____ 210 days, from the date of this order for a Final Approval Hearing.]

Any Class Member may appear at the Final Approval Hearing and may object or express his or her views regarding the Settlement and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court as provided by the Notice of Settlement. Class Members who file timely objections pursuant to the deadline above need not be present in Court to have their objections considered by the Court. Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties no later than 30 days after the mailing of the Settlement Documents. All objections and other correspondence must state the name and number of the case, which is *Velasquez v. County of Ventura et al.*, United States District Court, Central District of California, Case No. CV10-10080 CBM (PWJx).

In the event the Settlement is not finally approved, or is terminated, cancelled or

fails to become effective for any reason, the Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.

IT IS SO ORDERED.


Dated:_____, 2011.

_____
Hon. Consuelo B. Marshall
United States District Court
Central District of California